IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>ANDREW DAVID SKUTLEY, and STEVEN FRIEDSON,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:08CR00676 DB-DN<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |
|---|---|

This case was referred to the undersigned under 28 U.S.C. §636(b)(1)(B).[1] The undersigned was directed to manage the case, receive all motions, hear oral arguments, conduct evidentiary hearings as deemed appropriate and submit to the District Judge a report and recommendation for the proper resolution of dispositive matters presented.

## BACKGROUND

A motion to suppress was filed February 23, 2009.[2] As a result of the hearing held June 11, 2009, in this matter, the court entered Findings of Fact[3] which constitute part of this Report. Briefing was completed in March 2010.[4] On April 7, 2010, oral argument was heard.[5] Defendant Andrew David Skutley was represented by Blake Nakamura, Defendant Steven

---

[1] Docket no. 43, filed February 25, 2009.

[2] Docket no. 42, filed February 23, 2009.

[3] Docket no. 116, filed February 1, 2010.

[4] Docket no. 126, filed March 2, 2010; docket no. 127, filed March 23, 2010; docket no. 128, filed March 24, 2010.

[5] Docket no. 129, filed April 7, 2010.

Friedson was represented by Sean B. Druyon, and the United States was represented by Richard Daynes. At that time, the parties addressed their objections to the Findings of Fact.

The Findings of Fact are modified as follows:

Page 18, paragraph 24 is amended to remove the word "No" from the line which states, "No evidence was presented regarding Trooper Neff's ability to detect the odor of marijuana." The line now reads: "Evidence was presented regarding Trooper Neff's ability to detect the odor of marijuana."

Page 8, paragraph 12 is amended to add the following language to that paragraph: "Trooper Neff said that the defendant Skutley was signaling. There was no signal violation that Trooper Neff was concerned with and that Trooper Neff was only concerned with lane movement."

## DISCUSSION

Based on the Findings of Fact, the magistrate judge recommends that the District Judge enter an order finding that there was no reasonable suspicion for the stop and granting the motion to suppress. Motions to suppress based on the Fourth Amendment require that a court consider the totality of the circumstances surrounding the events giving rise to the motion.[6] Specifically as to this case, when deciding whether a vehicle's single instance of leaving its lane is sufficient to justify a traffic stop, a court must make "a fact-specific inquiry into the particular circumstances present during the incident in question in order to determine whether the driver

---

[6] *U.S. v. Gregory*, 79 F.3d 973, 979 (10th Cir. 1996).

could reasonably be expected to maintain a straight course at that time in that vehicle on that roadway."[7]

In analysis of the facts of this case, the magistrate judge relies on *United States v. McLaughlin*.[8] In that case, the vehicle "was traveling well below the posted speed limit, and . . . was driven outside its lane of travel for approximately one quarter-mile."[9] The opinion later summarizes that "all we have is a car traveling slowly, a nervous driver, a car that didn't belong to the driver or the passenger, a heavy smell of air freshener, a delay in pulling the car over to the side of the road, and a refusal by the driver to allow the officer to search the car."[10] "Based on the government's arguments that Defendants' vehicle was traveling below the speed limit and crossed over the fog line for a quarter-mile, there was not a legal justification for pulling over Defendants' vehicle."[11]

The facts are different here, but comparable if not less supportive of the stop. The car was traveling slowly, but exhibited only a 5-second lane drift after being followed for a quarter mile by the officer who later pulled behind, next to and returned to a position behind the car.

Construction markers were present in the area, though not on this stretch of highway; the wind was blowing; the officer's presence was itself unusual and distracting; and the highway was changing from a very rural to a suddenly urban environment. There are many reasonable bases for a brief lane drift, and they do not support a reasonable suspicion for the stop.

---

[7] *United States v. Alvarado*, 430 F.3d 1305, 1309 (10th Cir. 2005)

[8] Case No. 2:04-CR-100 DB, 2005 U.S. Dist. LEXIS 37047 (D. Utah Aug. 22, 2005) (unpublished).

[9] *Id.* at *2.

[10] *Id.* at *4.

[11] *Id.* at *12-13.

Further, the officer did not stop the car after the lane drift. The officer continued to hover near the car and pulled along side and then behind *after* the lane drift. The officer testified that he regarded this highway as a drug pipeline and regarded any car with out-of-state plates as suspicious. Those facts do not support a reasonable suspicion of criminal activity.

## RECOMMENDATION

Based upon the foregoing and based upon the finding of fact that there was not a violation of law in the lane movement by the defendants' vehicle in that a signal was used, the Court finds there was not reasonable suspicion to stop the defendant's vehicle and this Court therefore recommends suppression of the evidence to the District Court.

## NOTICE TO THE PARTIES

Within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections. A party may respond to another party's objections within 14 days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to

the magistrate judge with instructions. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

Dated this 7th day of June, 2010.

BY THE COURT:

David Nuffer
U.S. MAGISTRATE JUDGE